UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY KAROL ROWELL, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:17-cv-05546 |
| MEDICREDIT, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes KIMBERLY KAROL ROWELL ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MEDICREDIT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and maintains offices in the Northern District of Illinois.

1

## PARTIES

4. Plaintiff is a natural "person" over 18 years-of-age as defined by 47 U.S.C. §153(39).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

6. Defendant is a collection agency focused exclusively on medical and healthcare debts with its headquarters located in St. Louis, Missouri. Defendant has offices all over the U.S. and makes collection calls in all states. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 2007.

7. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

9. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

11. During 2017 Plaintiff has been calls to her cellular phone, (210) XXX-7981 from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 7981. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Upon speaking with Defendant, Plaintiff was informed that it was attempting to collect upon a medical debt she allegedly owed from an emergency room visit.

14. Plaintiff is disabled and in the process of applying for disability income.

15. Lacking the ability to pay due to financial hardships, Plaintiff informed Defendant of her situation and demanded that it stop calling.

16. Specifically, Plaintiff spoke with a female representative of Defendant in approximately April 2017 and told her to stop calling.

17. Despite Plaintiff's demands, Defendant has continued to regularly call her cellular phone through the date of filing of this complaint. The dates of Defendant's calls have included but are not limited to:

- June 7, 2017
- June 8, 2017
- June 14,2017
- June 16, 2017
- June 22, 2017
- June 28, 2017
- July 1, 2017

18. Defendant most often calls Plaintiff from phone number (800) 823-2318.

19. Upon information and belief, the above numbers is regularly utilized by Defendant during its debt collection activity.

20. When answering calls from Defendant, Plaintiff is subjected to a recorded message.

21. Defendant has called Plaintiff's cellular phone not less than 10 times after demanding that it stop contacting her.

22. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

23. Plaintiff's physical well-being and has been effected by Defendant's conduct, worsening her condition and resulting in increased medical care.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though full set forth herein.

    a. **Violations of FDCPA §1692c(a)(1) and §1692d**

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least 10 times after she demanded that it stop contacting her. This repeated behavior of systematically calling Plaintiff's phone over and over despite her demands has been harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of harassing her into submission.

29. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing

    b. **Violations of FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Despite being told to stop calling, Defendant continued to relentlessly contact Plaintiff over 10 times in a deceptive attempt to force her to answer its calls. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it did not have consent to do so.

    c. **Violations of FDCPA § 1692f**

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff when it had no permission to do so, as well as after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

35. As pled in paragraphs 22 through 25, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, KIMBERLY KAROL ROWELL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

36. Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

37. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

38. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The recorded message that Plaintiff experienced during answered calls from Defendant before being connected to a live representative of Defendant is instructive that an ATDS was being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

39. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked. Plaintiff made demands to Defendant to cease contacting her.

40. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

41. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, KIMBERLY KAROL ROWELL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 28, 2017                                              Respectfully submitted,

s/ Nathan C. Volheim                                              s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                                  Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                             Counsel for Plaintiff
Admitted in the Northern District of Illinois                     Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                          Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                             2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148                                           Lombard, Illinois 60148
(630) 630-568-3056 (phone)                                        (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                              (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                          thatz@sulaimanlaw.com